UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| QUITMAN CARTER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 1:07CV49 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

Quitman Carter moves to reopen his closed § 2255 case under Fed. R. Civ. P. 60(b)(6). Carter plead guilty to being a felon in possession of a firearm and was sentenced the mandatory minimum sentence of 15 years on February 13, 2006. I denied his § 2255 motion on December 12, 2007 because it was barred by the statute's one year limitations period. He did not attempt to appeal the denial of § 2255 relief until March 4, 2013. The Eighth Circuit Court of Appeals dismissed his appeal as untimely on March 7, 2013. The United States Supreme Court denied his petition for writ of certiorari on June 24, 2013.[1]

On October 21, 2013, Carter filed the instant "Motion to reopen case and

---

[1] Carter had also filed a "Rule 60(b)" motion in his closed criminal case, No. 1:05CR105CDP. In addition to re-arguing the issues from his § 2255 case, he added one additional claim and further alleged that the government interfered with his right to file a timely § 2255 motion because the Court did not notify him that his conviction had become final. I denied that motion as meritless and as an attempt to file an untimely and successive § 2255 motion.

amend §2255 (Fed. R. Civ. P. 60(b)(6))." He asks me to reopen this case because, he says, the State of Missouri interfered with his ability to timely file his § 2255 motion. Specifically, he alleges that Missouri failed to provide an adequate law library and assistance from a trained legal professional while he was in state custody for part of 2006, which he argues deprived him of access to the courts. Carter's motion also restates the same grounds for relief that he asserted in the underlying § 2255 motion, with some slight variations.

A court may grant relief under Rule 60(b)(6) for "any other reason that justifies relief" when a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b)(6). Petitioners sometimes request relief under Rule 60(b) when the motion is more properly characterized as a successive § 2255 petition. See, e.g., Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). However, a federal prisoner may file a second or successive motion under § 2255 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3). Where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court must determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2255. Boyd, 304 F.3d at 814. If the Rule 60(b) motion "is actually a second or successive habeas petition,

amend §2255 (Fed. R. Civ. P. 60(b)(6))." He asks me to reopen this case because, he says, the State of Missouri interfered with his ability to timely file his § 2255 motion. Specifically, he alleges that Missouri failed to provide an adequate law library and assistance from a trained legal professional while he was in state custody for part of 2006, which he argues deprived him of access to the courts. Carter's motion also restates the same grounds for relief that he asserted in the underlying § 2255 motion, with some slight variations.

A court may grant relief under Rule 60(b)(6) for "any other reason that justifies relief" when a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b)(6). Petitioners sometimes request relief under Rule 60(b) when the motion is more properly characterized as a successive § 2255 petition. See, e.g., Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). However, a federal prisoner may file a second or successive motion under § 2255 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3). Where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court must determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2255. Boyd, 304 F.3d at 814. If the Rule 60(b) motion "is actually a second or successive habeas petition,

amend §2255 (Fed. R. Civ. P. 60(b)(6))." He asks me to reopen this case because, he says, the State of Missouri interfered with his ability to timely file his § 2255 motion. Specifically, he alleges that Missouri failed to provide an adequate law library and assistance from a trained legal professional while he was in state custody for part of 2006, which he argues deprived him of access to the courts. Carter's motion also restates the same grounds for relief that he asserted in the underlying § 2255 motion, with some slight variations.

A court may grant relief under Rule 60(b)(6) for "any other reason that justifies relief" when a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b)(6). Petitioners sometimes request relief under Rule 60(b) when the motion is more properly characterized as a successive § 2255 petition. See, e.g., Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). However, a federal prisoner may file a second or successive motion under § 2255 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3). Where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court must determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2255. Boyd, 304 F.3d at 814. If the Rule 60(b) motion "is actually a second or successive habeas petition,

the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the motion . . . to the Court of Appeals." Id. "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive . . . § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).

A Rule 60(b) motion that merely alleges a defect in the integrity of the habeas proceedings is not a second or successive habeas petition. See Gonzalez v. Crosby, 545 U.S. 524, 535–36 (2005) (Rule 60(b) motion challenging district court's previous ruling on statute of limitations was not the equivalent of a successive habeas petition). A Rule 60(b) motion is also not a successive habeas petition if it "merely asserts that a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 n.4. However, a Rule 60(b) motion is a successive petition if it contains a claim, which is defined as an "asserted federal basis for relief" from a judgment of conviction or as an attack on the "federal court's previous resolution of the claim on the merits." Id. at 530, 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§

2254(a) and (d)." Id. at 532 n. 4. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition.

The motion now before me contains elements of both a "true" Rule 60(b) motion and an attempt to file a successive habeas petition. To the extent it should be considered a true Rule 60(b) motion I will deny it because it was not filed within a reasonable time of my 2007 denial of his original § 2255 motion. To the extent it seeks to reargue the points raised in the original motion, or attempts to raise new claims, I will deny it as an attempt to avoid the requirement that he obtain permission from the Court of Appeals to file a successive petition.

A motion under Rule 60(b)(6) must be "made within a reasonable time." Fed. R. Civ. P. 60(c)(1). What constitutes "a reasonable time" depends on the circumstances. Middleton v. McDonald, 388 F.3d 614, 617 (8th Cir. 2004). Here, Carter alleges no circumstances justifying a delay of six years before moving to reopen his case. He did not seek to appeal my 2007 denial until 2013, and the Court of Appeals dismissed that appeal as untimely. Even if I construe the motion he filed in the underlying criminal case as an attempt to reopen the case, that was also not filed in a reasonable time. Although movant complains that he lacked adequate legal resources to properly file his § 2255 motion on time because he was held in state custody for some part of 2006, his motion says nothing about

why it took him so long to seek Rule 60(b) relief after I denied his habeas petition in 2007.[2] Because petitioner advances no arguments demonstrating that his Rule 60(b) motion was filed within a reasonable time, it will be denied as untimely filed.[3]

To the extent Carter's Rule 60(b) motion asserts new grounds for relief, it shall be treated as a successive petition and denied because he has not obtained certification to file a successive motion from the Eighth Circuit.

Accordingly,

**IT IS HEREBY ORDERED** that Quitman Carter's motion to reopen case [#19] and his "Second Motion to Supplement Rule 60(b)(6)" [#23] are denied to the extent they argue that petitioner's case should be reopened due to state interference, and dismissed for lack of jurisdiction as a second or successive

---

[2]In 2007 when he filed a traverse in the § 2255 case, Carter responded to the government's assertion of untimeliness with a convoluted argument that his conviction became final *before* the 1996 effective date of the AEDPA, which is untrue as well as unhelpful.

[3]Even this Rule Rule 60(b) had been timely filed, he would still not be entitled to relief as "[l]ack of counsel, lack of legal knowledge and lack of access to a law library or legal research materials, are not circumstances which warrant the application of equitable tolling." United States v. Mansell, 2006 WL 1313164, *4 (W.D. Ark. May 12, 2006) (citing United States v. Martin, 408 F.3d 1089,1095 (8th Cir. 2005)); see also Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (internal quotation marks and citation omitted); Whitelaw v. United States, 2006 WL 3717544, *3 (W.D. Mo. Dec. 15, 2006) (denying Rule 60(b) motion in § 2255 case where petitioner argued that the one year statute of limitations should be equitably tolled because he was denied counsel, a law library, and legal materials).

habeas petition in all other respects.

**IT IS FURTHER ORDERED** that petitioner's motion to expedite ruling [#21] is denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of February, 2014.