UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| QUITMAN CARTER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 1:07CV49 CDP |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

# MEMORANDUM AND ORDER

This matter is before me on petitioner's motion for leave to proceed *in forma pauperis* on appeal and for a certificate of appealability. Petitioner pleaded guilty to being a felon in possession of a firearm and was sentenced the mandatory minimum sentence of 15 years on February 13, 2006. I denied his § 2255 motion on December 12, 2007 because it was barred by the statute's one year limitations period. Petitioner did not attempt to appeal the denial of § 2255 relief until March 4, 2013. The Eighth Circuit Court of Appeals dismissed his appeal as untimely on March 7, 2013. The United States Supreme Court denied petitioner's writ of certiorari on June 24, 2013. On October 21, 2013, petitioner filed a "Motion to Reopen Case" seeking to reopen his § 2255 case. He also filed a "Second Motion to Supplement Rule 60(b)(6)" asking for the same relief. I denied these motions on February 6, 2014, and declined to reconsider my decision by Memorandum and

Order dated March 6, 2014. Petitioner now seeks to appeal those decisions *in forma pauperis*.

IFP status will be denied if the Court finds that petitioner's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be raised on appeal are factually or legally frivolous. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962). An appeal is frivolous "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). As I have explained numerous times, petitioner pleaded guilty with full knowledge that he was an Armed Career Criminal facing a mandatory minimum sentence of 15 years, and none of his many filings casts any doubt on the correctness of his sentence. Petitioner is not entitled to relief, and he has already been denied relief by me, the Eighth Circuit, and the Supreme Court. Because I find that petitioner's appeal lacks an arguable basis in law and in fact, I cannot find that it was taken in good faith. As such, I must deny petitioner's motion for leave to appeal *in forma pauperis*.

Finally, because petitioner has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. <u>See</u> <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997) (citing <u>Flieger</u>

v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to appeal in forma pauperis [#30] is denied as the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as petitioner has not made a substantial showing of the denial of a federal constitutional right.

                                                                     CATHERINE D. PERRY
                                                                     UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2014.